**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GRAND RIVER ASEPTIC
MANUFACTURING, INC.,

        Plaintiff,

v.

NEXUS PHARMACEUTICALS, INC.,
SHERRI SCOTT, and JERROD
WEIDENFELLER,

        Defendants.

Case No.

Hon.

## **DEFENDANTS' NOTICE OF REMOVAL**

Joseph M. Infante (P68719)
Leigh M. Schultz (P71038)
Stephen M. Ragatzki (P81952)
MILLER, CANFIELD, PADDOCK
and STONE, P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, Michigan 49503
616-454-8656
infante@millercanfield.com
schultzl@millercanfield.com
ragatzki@millercanfield.com
*Attorneys for Plaintiff/Counter-Defendant*
*Grand River Aseptic Manufacturing, Inc.*

Lee T. Silver (P36905)
SILVER & VAN ESSEN P.C.
300 Ottawa Avenue N.W., Suite 620
Grand Rapids, MI 49503
616-988-5600
ltsilver@silvervanessen.com
*Attorneys for Defendants Sherri Scott*
*and Jerrod Weidenfeller*

Jon M. Bylsma (P48790)
VARNUM LLP
P.O. Box 352
Grand Rapids, MI 49501
(616) 336-6000
jmbylsma@varnumlaw.com

Bilal Zaheer (IL Bar #6291119)
Kendal Hendrickson (IL Bar #6336029)
LOCKE LORD LLP
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
(312) 443-0700
bilal.zaheer@lockelord.com
kendal.hendrickson@lockelord.com
*Attorneys for Defendant/Counter-Plaintiff*
*Nexus Pharmaceuticals, Inc.*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and with full reservation of all defenses, Nexus Pharmaceuticals, Inc. ("Nexus"), Sherri Scott, and Jerrod Weidenfeller (collectively, "Defendants") give notice of the removal of this action to United States District Court for the Western District of Michigan, Southern Division, from the Circuit Court for Kent County, Michigan ("Notice of Removal"). Removal is based on federal question jurisdiction and supplemental jurisdiction, as Plaintiff has asserted claims under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, in its First Amended Complaint for Damages and Injunctive Relief ("First Amended Complaint"). In support of removal, Defendants provide the following "short and plain statement of the grounds for removal." 28 U.S.C. §1446(a); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

**Nature of the Action**

1. On or about January 12, 2021, Grand River Aseptic Manufacturing, Inc. ("GRAM" or "Plaintiff") filed a civil action against Defendant in the Circuit Court for Kent County, Michigan, captioned *Grand River Aseptic Manufacturing, Inc. v. Nexus Pharmaceuticals, Inc., et al*, Case No. 21-00338 (the "Action"). The Complaint in the Action originally alleged only state law claims.

2. On February 3, 2021, Nexus filed its Answer to Complaint for Damages and Injunctive Relief, Affirmative Defenses, and Counterclaims. On February 26, 2021, Ms. Scott and Mr. Weidenfeller filed their Answer and Affirmative Defenses to Plaintiff's Complaint.

3. On May 10, 2021, GRAM filed the First Amended Complaint against Defendants. The First Amended Complaint alleged the same violations of state law and added claims for

violation of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 against all Defendants. A copy of GRAM's First Amended Complaint is attached hereto as **Exhibit A**.

4. **Group Exhibit B** constitutes all pleadings, process and other documents filed in the Action to date, to the best of Defendants' knowledge.

**Removal is Timely**

5. The Action became removable on May 10, 2021, the date Plaintiff served the First Amended Complaint that alleges a claim under the DTSA on Defendans.

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days after Plaintiff served the First Amended Complaint in the action on Defendants. 28 U.S.C. § 1446(b)(1); *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 409–10 (6th Cir. 2008) ("[T]he time limit [for removal] begins to run from the actual and effective amendment of the complaint."); *Stuart v. Village of New Haven*, C.A. No. 09-CV-14128, 2009 WL 4065039, at *2 (E.D. Mich. Nov. 24, 2009) (same).

7. All Defendants have consented to removal, as required by 28 U.S.C. § 1446(b)(2)(A).

**Removal is proper under federal question jurisdiction**

8. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. 28 U.S.C. § 1331 provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. The DTSA states that U.S. district courts "shall have original jurisdiction of civil actions brought under this section." 18 U.S.C. § 1836

3

11. GRAM's First Amended Complaint asserts one count based on violation of the DTSA, 18 U.S.C. § 1836 against all of Defendants. Thus, the First Amended Complaint asserts a claim that gives rise to "original jurisdiction" in the district courts under 18 U.S.C. § 1836 and 28 U.S.C. § 1331.

12. Removal is thus proper because this Court has original jurisdiction over GRAM's claim for violation of the DTSA, and removal is sought in the district court embracing the place where the action is currently pending, pursuant to 28 U.S.C. § 1441.

**The Court has supplemental jurisdiction over GRAM's state law claims**

13. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

14. A claim is considered to "form part of the same case or controversy under Article III" where the state and federal claims derive from a "common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

15. Claims derive from a "common nucleus of operative fact" where the claims are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Id.*

16. This Court has supplemental jurisdiction over the remaining counts of GRAM's First Amended Complaint under 28 U.S.C. § 1367 because those claims have a common nucleus of operative fact with GRAM's DTSA claim.

17. Specifically, each of the claims brought by GRAM relate to Nexus' hiring of three former GRAM employees after those employees applied to work at Nexus of their own volition.

18. Because the state law claims in GRAM's First Amended Complaint have a common nucleus of operative fact with GRAM's DTSA claim, they are so related to the DTSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

19. Removal is thus proper because this Court can exercise supplemental jurisdiction over GRAM's state law claims pursuant to 28 U.S.C. § 1367.

**Removal Requirements Are Satisfied**

20. This Notice of Removal has been filed in accordance with 28 U.S.C. §§ 1441 and 1446.

21. As required under 28 U.S.C. § 1446(a), and to the best of the Defendants' knowledge, Exhibits A and B to this Notice of Removal constitute true and legible copies of all process, pleadings, and orders on file in the State Court Action.

22. This Court has original jurisdiction over Count XII of GRAM's First Amended Complaint brought under the DTSA because it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

23. This Court has supplemental jurisdiction over GRAM's remaining claims because they are so related to GRAM's DTSA claim that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

24. Venue is proper because, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Southern Division of the U.S. District Court for the Western District of Michigan embraces the Circuit Court for Kent County where the action is pending, thus this action is removable to this Court.

25.     If any questions arise as to the adequacy or propriety of the removal of this action, Defendants request the opportunity to supplement this Notice of Removal with evidence and/or to brief any disputed issues and present oral argument in support of this removal.

26.     Defendants reserve all objections they may have to the First Amended Complaint or the Action. Defendants intend no admission of fact, law or liability by this Notice of Removal and expressly reserve all defenses, motions and/or pleas.

27.     Pursuant to 28 U.S.C. § 1446(d), Defendants will provide prompt written notice of the removal of this action to all adverse parties and will promptly file a copy of this Notice with the Clerk of the Circuit Court for Kent County, so that this Court may assume jurisdiction over this case as provided by law ("State Court Notice"). The State Court Notice that Defendants will file is attached as **Exhibit C.**

WHEREFORE, Defendants remove the Action to this Court and respectfully request that the Action be placed on the docket of this Court for further proceedings as though this action were originally brought in this Court.

Dated: June 1, 2021

By:     *Bilal Zaheer*  
Bilal Zaheer  
Kendal Hendrickson  
Locke Lord LLP  
111 South Wacker Drive, Suite 4100  
Chicago, IL 60606  
(312) 443-0700  
bilal.zaheer@lockelord.com  
kendal.hendrickson@lockelord.com  
*Attorneys for Defendant Nexus Pharmaceuticals, Inc.*

By:     *Jon M. Bylsma*  
Jon M. Bylsma  
VARNUM LLP  
333 Bridge Street NW  
Grand Rapids, MI 49504  
(616) 336-6530  
jmbylsma@varnumlaw.com

By: *Lee T. Silver*
Lee T. Silver
SILVER & VAN ESSEN P.C.
300 Ottawa Avenue N.W., Suite 620
Grand Rapids, MI 49503
616-988-5600
ltsilver@silvervanessen.com
*Attorneys for Defendants Sherri Scott and Jerrod Weidenfeller*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Defendants' **NOTICE OF REMOVAL** was served on the following on June 1, 2021, via the Court's e-filing system and electronic mail:

*/s/ Bilal Zaheer*

Bilal Zaheer

Joseph M. Infante
Leigh M. Schultz
Stephen M. Ragatzki
MILLER, CANFIELD, PADDOCK
and STONE, P.L.C.
99 Monroe Avenue NW, Suite 1200
Grand Rapids, Michigan 49503
616-454-8656
infante@millercanfield.com
schultzl@millercanfield.com
ragatzki@millercanfield.com
*Attorneys for Plaintiff Grand River Aseptic Manufacturing, Inc.*